### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

```
_____  :
                              :
LAMAR CALDWELL,               :
                              :        Civil Action No.
              Petitioner,     :        13-1067 (RBK)
                              :
        v.                    :
                              :
J.T. SHARTLE,                 :
                              :        MEMORANDUM OPINION
              Respondent.     :        AND ORDER
_____  :
```

This matter comes before the Court upon Petitioner's application titled, "Request to File a 28 U.S.C. § 2241 Motion Under Setser v. United States," Docket Entry No. 1,[1] and it appearing that:

1.   Petitioner "was convicted by jury trial . . . of one count of possession of a fire arm by a convicted felon.  On June 16, 1995, he was sentenced [by the United States Court for the Eastern District of Pennsylvania ("EDPA")] to serve a

_____

[1] The Clerk correctly construed Petitioner's submission as a habeas petition since a court cannot exercise jurisdiction over any matter unless it ensued from a litigant's filing of an actual pleading.  See, e.g., Lucente v. New Jersey, Civil Action No. 05-5186 (JBS) (N.J.D.), Docket Entry No. 6 (explaining to the litigant who was refusing to file a pleading and, instead, was filing "notices," "motions" and "inquiries" that the court's subject matter jurisdiction is limited to actual pleadings).  The prisoner's legal obligation to prepay his filing fee or to duly obtain in forma pauperis status in connection with commencement of a legal action is automatically incurred by the very act of the litigant initiating a legal action.  See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)).

term of 250 months." <u>United States v. Caldwell</u>, 1997 U.S. Dist. LEXIS 6194, at *1 (E.D. Pa. Apr. 29, 1997). Petitioner appealed his conviction and sentence, and the United States Court of Appeals for the Third Circuit ("Court of Appeals") affirmed the determinations made by the EDPA, <u>see</u> <u>United States v. Caldwell</u>, 77 F.3d 464 (3d Cir. 1996); Petitioner's application for certiorari was denied. <u>See</u> <u>Caldwell v. United States</u>, 523 U.S. 1085 (1998).

2.  On October 4, 2005, Petitioner filed a § 2241 petition in this District.[2] <u>See</u> <u>Caldwell v. Miner</u> ("<u>Caldwell-I</u>"), Civil Action No. 05-4972 (RBK) (D.N.J.).  Having the <u>Caldwell-I</u> matter duly briefed, this Court dismissed Petitioner's challenges.  <u>See</u> <u>Caldwell v. Miner</u>, 2006 U.S. Dist. LEXIS 45735 (D.N.J. June 30, 2006).  The <u>Caldwell-I</u> decision explained to Petitioner that *his challenges to his conviction and sentence could not be brought under § 2241.* <u>See</u> <u>Caldwell v. Miner</u>, 2006 U.S. Dist. LEXIS 45735, at *11, n.8 ("Since Petitioner already filed his § 2255 motion, <u>see</u> <u>United States v. Caldwell</u>, 1997 U.S. Dist. LEXIS 6194 (E.D. Pa. Apr. 29, 1997), [such challenges] could be addressed by Petitioner's federal sentencing court only if the Court of

---

[2] Following his conviction, Petitioner instituted a multitude of actions in the EDPA, this District and the Court of Appeals; however, a full roster of these actions is as lengthy as it is unnecessary for the purposes of the Court's analysis.

Appeals for the Third Circuit authorizes Petitioner to proceed with a second/successive motion under 28 U.S.C. § 2255").

3.    Petitioner appealed this Court's <u>Caldwell-I</u> decision.  <u>See</u> <u>Caldwell-I</u>, Docket Entries Nos. 16 and 17.  On May 8, 2007, the Court of Appeals affirmed the Court's determination. <u>See</u> <u>id.</u>, Docket Entry No. 20.

4.    One month after the Court of Appeals's affirmance of the <u>Caldwell-I</u> decision, Petitioner initiated another action; that new proceeding was commenced at the Court of Appeals. <u>See</u> <u>In re Caldwell</u>, 229 F. App'x 194 (3d Cir. 2007).  The Court of Appeals dismissed that matter.

5.    On April 9, 2010, Petitioner submitted a new application to the EDPA; that application was titled "Request to file a <u>Nunc</u> <u>Pro</u> <u>Tunc</u> Petition."  <u>See</u> <u>USA v. Caldwell</u> ("<u>Caldwell-II</u>"), Crim. Action Construed as Civil No. 95-0070 (SD) (EDPA), Docket Entry No. 63.  The EDPA dismissed Petitioner's challenges.  <u>See</u> <u>Caldwell-II</u>, Docket Entry No. 70.  On July 28, 2011, the Court of Appeals dismissed Petitioner's appellate challenges stating, "[f]or substantially the reasons given by [the EDPA], we summarily affirm [the EDPA's] orders."  <u>USA v. Caldwell</u>, USCA Index No. 11-2376.  The Court of Appeals' mandate to that effect

was issued on September 6, 2011.[3]

6.     Two days later, that is, on September 8, 2011, Petitioner
       commenced a Section 2241 proceeding in this District.  See
       Caldwell v. Shartle ("Caldwell-III"), Civil Action No. 11-
       5153 (RBK) (D.N.J.).  In that action, Petitioner raised the
       challenges substantively identical to those just dismissed
       by the EDPA and the Court of Appeals.  This Court,
       therefore, dismissed the Caldwell-III matter.  See Caldwell
       v. Shartle, 2011 U.S. Dist. LEXIS 127212 (D.N.J. Nov. 2,
       2011).  Petitioner's appeal of this Court's determination
       was dismissed by the Court of Appeals with an explanation
       that Petitioner's challenges were barred under 28 U.S.C. §
       2244(a), being successive of those adjudicated by the EDPA
       and, thus, abusive.  See Caldwell v. Shartle, 461 F. App'x
       98 (3d Cir. 2012).

7.     Petitioner now challenges his EDPA conviction asserting
       that, because the EDPA had the power to impose a federal
       sentence concurrent to the one eventually imposed upon
       Petitioner by the state court, Petitioner's federal sentence
       should be revisited by this Court under Setser.[4]  See

---

   [3] Petitioner's application for rehearing was denied by the
Court of Appeals on August 26, 2011.

   [4] In Setser v. United States, 132 S. Ct. 1463 (2012), the
majority held that a federal court has the power to impose a
sentence concurrent to a yet-to-be-imposed state sentence.

Instant Matter, Docket Entry No. 1.[5]

8.   Petitioner's challenges to his sentence cannot be
     entertained in this matter, since Section 2255, as a
     vehicle, is not inadequate/ineffective to challenge
     Petitioner's sentence imposed by the EDPA.  See <u>Davis v.
     United States</u>, 417 U.S. 333 (1974); <u>Okereke v. United
     States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>see</u> <u>also</u> <u>Cradle v.
     Miner</u>, 290 F.3d 536 (3d Cir. 2002).  Since nothing in the
     language of <u>Setser</u> made the offense for which Petitioner was
     sentenced in the EDPA not a crime, this Court is without
     Section 2241 jurisdiction to entertain Petitioner's <u>Setser</u>-
     based challenges.  See <u>In re Dorsainvil</u>, 119 F.3d 245, 250-
     51 (3d Cir. 1997).  In fact, this jurisdictional bar was
     already explained to Petitioner's by this Court during
     Petitioner's <u>Caldwell-I</u> proceedings.  See <u>Caldwell v. Miner</u>,
     2006 U.S. Dist. LEXIS 45735, at *11, n.8 ("Since Petitioner
     already filed his § 2255 motion, <u>see</u> <u>United States v.
     Caldwell</u>, 1997 U.S. Dist. LEXIS 6194 (E.D. Pa. Apr. 29,
     1997), [Petitioner' challenges to his conviction or his
     sentence] could be addressed by Petitioner's federal
     sentencing court only if the Court of Appeals for the Third
     Circuit authorizes Petitioner to proceed with a

---

[5] The power of federal trial courts acknowledged in <u>Setser</u>
by no means obligated the EDPA to impose a concurrent sentence.

Page -5-

second/successive motion under 28 U.S.C. § 2255").

9.   For the foregoing reasons, this matter will be dismissed for lack of jurisdiction.  No transfer of this matter to the Court of Appeals will be directed, since such transfer does not appear in the interest of justice.  However, the Court's election not to transfer this matter does not bar Petitioner from seeking leave to file a second/successive Section 2255 motion from the Court of Appeals.[6]

10.  Petitioner's prior Section 2241 petition filed in this District (i.e., in his Caldwell-III petition) arrived accompanied by his application to proceed in that matter in forma pauperis.  At that time, Petitioner's prison account showed 6-month deposit of $772.18, but the end balance was $56.96.  Hence, this Court, while noting its substantial concern with Petitioner's in forma pauperis application, found it warranted to grant Petitioner in forma pauperis status for the purposes of that action.  The instant matter was commenced without Petitioner's prepayment of the $5.00 filing fee and without his submission of any in forma pauperis application.  Therefore, Petitioner will be directed to submit his filing fee or his in forma pauperis application establishing his eligibility to proceed as a

---

[6] No statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's opinion as to the merit of Petitioner's application, if such is filed.

pauper as of the date of his commencement of this matter. Petitioner's failure to submit his filing fee or his in forma pauperis application will be assessed in conjunction with his litigation practices (including his practice of raising claims the invalidity of which Petitioner already knows as a result of his prior actions) and sanctions might be imposed upon him, if appropriate.

IT IS, therefore, on this ___1st___ day of ___March___ , 2013,

ORDERED that Petitioner's application, Docket Entry No. 1, is dismissed for lack of jurisdiction; and it is further

ORDERED that, within thirty days from the date of entry of this Memorandum Opinion and Order, Petitioner must submit to the Clerk either his $5.00 filing fee or his duly executed in forma pauperis application establishing his eligibility to proceed as a pauper as of the date of his commencement of this matter;[7] and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order filed herewith upon Petitioner by regular United States mail.  The Clerk shall enclose in that mailing a blank in forma pauperis application for incarcerated individuals seeking to proceed in forma pauperis.  In the event Petitioner elects to seek in forma pauperis status, Petitioner must complete that

---

[7] If a petitioner's institutional account shows a balance that exceeds $200, the petitioner cannot be considered eligible to proceed in forma pauperis.  See Local Civil Rule 81.2(c).

form, have it duly certified by an authorized prison official and

submit that form together with a copy of his prison account

statement; and it is finally

    ORDERED that the Clerk shall close the file on this matter.




                                          s/Robert B. Kugler
                                          **ROBERT B. KUGLER**
                                          **United States District Judge**