**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                   :
LAMAR CALDWELL,                    :
                                   :        Civil Action No.
            Petitioner,            :        13-1067 (RBK)
                                   :
      v.                           :
                                   :
J.T. SHARTLE,                      :
                                   :        **MEMORANDUM OPINION**
            Respondent.            :        **AND ORDER**
                                   :
_____:

This matter comes before the Court upon Petitioner's two submissions, one being an application titled "Petitioner's [R]esponse to this . . . Court[']s Order," and another being his letter titled "Petitioner[']s Request to File for Reconsideration," see Docket Entries Nos. 3 and 4, and it appearing that:

1. The lengthy history of Petitioner's multiple litigations in this District and other district courts, as well as before the United States Court of Appeals for the Third Circuit, has already been extensively detailed in this Court's prior memorandum opinion and order, see Docket Entry No. 2, and needs no reiteration in the instant ruling. Thus, it shall suffice to state that, being convicted and sentenced in the United States Court for the Eastern District of Pennsylvania ("EDPA"), Petitioner unsuccessfully appealed his conviction and sentence, and then challenged the same, numerously, in

this District, systemically asserting jurisdiction under 28 U.S.C. § 2241 and having his challenges dismissed for lack of such jurisdiction, with affirmance by the Court of Appeals. See id. at 1-5 (setting forth the relevant facts in detail).

2. In the instant matter, Petitioner again challenged his EDPA sentence. See Docket Entry No. 1. Here, he asserted that, since the EDPA had the power to impose a federal sentence concurrent to the one eventually imposed upon Petitioner by the state court, Petitioner's EDPA sentence should be revisited by this Court. See id. For that proposition, Petitioner relied Setser v. United States, 132 S. Ct. 1463 (2012), that is, on the decision where the Supreme Court held that a federal court had the power to impose a sentence concurrent to a yet-to-be-imposed state sentence. See Docket Entry No. 1.

3. This Court dismissed Petitioner's within challenges for lack of jurisdiction, explaining to him that – since Section 2255, as a vehicle, was not inadequate/ineffective to challenge Petitioner's sentence imposed by the EDPA, and nothing in the language of Setser made the offense for which Petitioner was sentenced in the EDPA not a crime, this Court was without Section 2241 jurisdiction to entertain Petitioner's Setser-based claims. See Docket Entry No. 2,

at 4-6 (detailing the relevant legal regime at length).

4. Upon this Court's entry of said dismissal, Petitioner filed the submissions at bar, see Docket Entries Nos. 3 and 4, and – nine days later – his notice of appeal.[1] See Docket Entries Nos. 5 and 6. In his submissions at bar, Petitioner alleged that this Court had jurisdiction to entertain his Setser-based challenges because Petitioner was of opinion that the EDPA erred in sentencing Petitioner and that error must had rendered Petitioner "innocent" for the purposes of Section 2241 jurisdictional analysis. See Docket Entries Nos. 3 and 4.

5. As a general matter, Petitioner's filing of his notice of appeal stripped this Court of jurisdiction over this action, including the jurisdiction to rule on Petitioner's letter seeking reconsideration. See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control

---

[1] In his notice of appeal, Petitioner expressed displeasure with this Court's failure to rule on his motion within the nine days after Petitioner filed the motion with this Court. See Docket Entry No. 5, at 1; see also Docket Entries Nos. 4 and 6 (indicating that Petitioner's motion was filed with this Court on June 10, 2013, while Petitioner's notice of appeal reflecting on this Court's lack of ruling on said motion was filed with the Court of Appeals on June 19, 2013, i.e., nine days later).

over those aspects of the case involved in the appeal"). However, being mindful of Petitioner's pro se litigant status and his concerns with this Court's lack of ruling, the Court finds it warranted to address Petitioner's letter.

6. A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice;[2] and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of

---

[2] In the context of a motion to reconsider, the term "manifest injustice" "[generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco, that is, the need "to correct manifest errors of law or fact upon which the judgment was based." Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'" Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases [therefore,] use the term 'manifest injustice' to describe the result of a plain error." Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996).

law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998). In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories). Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442; see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in

deciding whether to reopen a case under Rule 59(e)").

7. Here, Petitioner's submissions reiterate and paraphrase the very argument that had been raised in the within Petition, which was dismissed by this Court for lack of Section 2241 jurisdiction. No statement made in Petitioner's submissions warrant an outcome different from that already reached by the Court in its prior memorandum opinion and order. Indeed, the <u>Setser</u> decision dealt solely and exclusively with the issue of the federal court's power to impose a certain form of sentences, and no statement made in <u>Setser</u> reflected on the matters of one's substantive guilt or innocense. Hence, the <u>Setser</u> ruling could not have offered a jurisdictional basis to any Section 2241 challenges where the narrow exception to the jurisdictional bar ensues from one's innocence of crime. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 250-51 (3d Cir. 1997); <u>accord</u> <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>Cradle v. Miner</u>, 290 F.3d 536 (3d Cir. 2002).[3]

---

[3] If anything, Petitioner's submissions at bar – being assessed in light of his extensive litigation history in this District, the EDPA and before the Court of Appeals – raise substantial abuse of writ concerns, since he is attempting to re-litigate the very same issue time and again. It is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose submissions raise concern for maintaining order in the court's dockets. <u>See</u> e.g., <u>In Re Oliver</u>, 682 F.2d 443, 445 (3d Cir. 1982) (citing <u>Lacks v. Fahmi</u>, 623 F.2d 254 (2d Cir. 1980) (<u>per</u> <u>curiam</u>); <u>Harrelson v. United</u>

IT IS, therefore, on this ___16th___ day of ___July___, 2013

ORDERED that the Clerk shall reopen this matter for the purposes of the Court's examination of Petitioner's submissions, Docket Entries Nos. 3 and 4, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's submissions are construed, jointly, as his motion seeking reconsideration of this Court's prior determination, Docket Entry No. 2; and it is further

ORDERED that Petitioner's motion for reconsideration is granted in form and denied in substance,[4] and this Court's prior

---

States, 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); and Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961), cert. denied, 369 U.S. 856 (1962)). Thus, if Petitioner persists at raising – or paraphrasing - his already dismissed challenges, he risks abusing the equitable nature of the habeas writ. See Sanders v. United States, 373 U.S. 1, 17-19 (1963); Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008). This Court, therefore, strongly urges Petitioner to take his litigations in this District and in all other courts with utmost seriousness, since sanctions would be applied to Petitioner in the event he continues abusing the legal process. "The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary — including the Judges in this District — expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary." In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010).

[4] The Court of Appeals guided that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof- of that motion. See Pena-Ruiz v. Solorzano, 281 F. App'x 110 at *2-3, n.1 (3d Cir. 2008). However, the fact of the court's review does not prevent the court performing such reconsideration analysis (of the original application, as

determination as to Petitioner's challenges shall remain in full force, and Petitioner's challenges shall remain dismissed for lack of jurisdiction; and it is further

ORDERED that the Clerk shall close this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon the Clerk of the United States Court of Appeals for the Third Circuit.[5]

 

S/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**

---

supplanted by the points raised in motion for reconsideration) from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the court's decision previously reached upon examination of the original application. See id.

[5] Such service shall be executed by means of electronic delivery, with the "subject" line reading, "IN CONNECTION WITH CALDWELL V. SHARTLE, USCA INDEX NO. 13-3123," and the body of the message reading, "Attached please find a copy of the District Court's decision rendered with regard to Petitioner's motion filed with the District Court in the underlying matter."